IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JOE RAY WILLIAMS,**

    Plaintiff,

vs.                                                                    No. Civ 06cv1242 JH/WPS

**COUNTY OF BERNALILLO,
SHERIFF DARREN WHITE, and
TOBIAS M. PEREA**,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants' Motion to Dismiss, filed 6/26/07 [Doc. 14]. The Defendants seek dismissal pursuant to FED. R. CIV. P. 12(b)(6) of Plaintiff Joe Ray Williams' civil-rights complaint brought under 42 U.S.C. § 1983 for alleged violations of Williams' constitutional right to be free from a warrantless search. They do not address his state-law claims for trespass. Defendants White and Perea contend that they have qualified immunity from suit as a matter of law and that any official-capacity claims are barred by *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Williams has not responded to the motion to dismiss. Having carefully considered the complaint and its attachments, the relevant law, and the Defendants' arguments, the Court will deny the motion to dismiss.

## LEGAL STANDARDS

A motion to dismiss should be granted

> if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.' " *Macarthur v. San Juan County*, 497 F.3d 1057, 2007 WL 2045456, at *5, 2007 U.S.App. LEXIS 17008, at *16 (10th Cir. 2007) (*quoting Bell Atlantic Corp. v. Twombly*, --- U.S. ----,

> 127 S.Ct. 1955, 1968-69, 167 L.Ed.2d 929 (2007)). As we have explained this new standard for reviewing a motion to dismiss, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

*Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007) (italics in original). Because Williams proceeds pro se, the Court liberally construes his complaint. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

> To prevail on a claim for damages for a constitutional violation pursuant to 42 U.S.C. § 1983, a plaintiff must establish the defendant acted under color of state law and caused or contributed to the alleged violation. The plaintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation. Though state actors who participate in a violation in a supervisory role may incur liability, there is no concept of strict supervisor liability under section 1983. In other words, it is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation. Instead, just as with any individual defendant, the plaintiff must establish a deliberate, intentional act by the supervisor to violate constitutional rights. A plaintiff may satisfy this standard by showing the defendant-supervisor personally directed the violation or had actual knowledge of the violation and acquiesced in its continuance.

*Jenkins v. Wood*, 81 F.3d 988, 994-95 (10th Cir. 1996) (internal quotation marks and citations omitted).

> "The doctrine of qualified immunity shields public officials . . . from damage actions unless their conduct was unreasonable in light of clearly established law." *Elder v. Holloway*, 510 U.S. 510, 512, 114 S. Ct. 1019, 127 L. Ed.2d 344 (1994). Once a defendant pleads qualified immunity as a defense, the plaintiff must show: (1) that the defendant's actions violated a constitutional or statutory right, and (2) that the rights alleged to be violated were clearly established at the time of the conduct at issue. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001).

*Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). The Supreme Court noted forty years ago that

> '[o]ver and again, this Court has emphasized that the mandate of the [Fourth]

> Amendment requires adherence to judicial processes,' *United States v. Jeffers*, 342 U.S. 48, 51, 72 S. Ct. 93, 96 L. Ed. 59 [ (1951) ] and that searches outside the judicial process, without prior approval by a judge or magistrate, are *per se* unreasonable under the Fourth Amendment – subject only to a few specifically established and well-delineated exceptions.

*Katz v. United States*, 389 U.S. 347, 357 (1967) (footnote omitted).

## THE COMPLAINT

Williams' complaint states that Defendant Perea and either the sheriff or one of his deputies came on to Williams' private property and, without a warrant and without probable cause, "forcibl[y] enter[ed] into my primary residence and not less than four other locked buildings situated on said primary residence property, causing substantial damage to said buildings." Compl. (Doc. 1) at 2. He alleged that they conducted unlawful "exploratory searches" resulting in "an automatic violation of my fourth, fifth, sixth and fourteenth amendment rights." *Id.* Williams referred to affidavits in an incident report prepared the same day he discovered that his home and buildings had been broken into.[1] The face of the incident report lists Williams, Defendant Perea, and Monroe Flanagan, who is Williams' neighbor, as "SUBJECTS (VICTIMS/SUSPECTS/PERSONS . . .)" Doc. 23, Ex. 1 at 1. Although his penmanship is difficult to decipher, Williams swore that he called the sheriff's office just after he "arrived home at 11405 Central;" that he "found well house door broken into; went to my residence; two 14X60 mobiles; both doors had been broken into; padlocks cut on one door knob and lock smashed by heavy instrument on other; the office trailer had its padlock cut and fence gate torn off on ground;" that another building had its "handle or lock torn

---

[1] Williams apparently inadvertently failed to file the incident report and affidavits with his complaint, but he attached them to the complaint served on the Defendants, who also referred to the affidavits in their motion to dismiss. The Court asked the Defendants to electronically file a copy of the affidavit as an exhibit to their motion to dismiss and it is now part of the record as Ex. 1 to Doc. 23.

off; a small ___ where a movie (the kitchen) was a film site had its door torn off and Monroe Flanagan . . . had his lock cut on his trailer." *Id.* at 2.  He swore that he went to the county zoning office (where Perea is apparently employed) that afternoon and that "they said they had been to my property; they said nothing about entering every building . . ." *Id.*  Mr. Flanagan's affidavit stated that, while he "was on the property a sheriff deputy car along with at least one other vehicle was on the property; the locks were cut with a bolt cutter on my personal trailer home. . . . Breaking and entering is criminal.  Even if it is the sheriff's dep't." *Id.* at 3.

## ANALYSIS

Defendant Perea contends he is entitled to qualified immunity because it was "clear from [Williams'] affidavit that [Williams] lacks personal knowledge as to whether Perea participated into the alleged entry into his property," and "[w]ithout a showing of his individual involvement in the alleged constitutional violation, Perea is entitled to qualified immunity." Defs.' Motion at 3.  While the issue of personal knowledge may be raised to challenge an affidavit in a *summary judgment motion*, the Defendants acknowledge (but inexplicably fail to apply the principle) that the Court must accept the facts pleaded in the complaint as true for purposes of resolving a motion to dismiss.  *See Anderson*, 499 F.3d at 1232.  Williams has alleged that Perea personally participated with a sheriff's deputy in conducting an illegal entry and search of his private residential property.  Further, even though Williams was not at his home when someone from the sheriff's deputy accompanied a zoning-office employee to Williams' property, Williams apparently discovered who had been to his property when he visited the zoning office and before he signed his witness statement because the incident report specifically names Perea.  Accepting the facts alleged in the complaint as true, Perea participated in an warrantless search of private residential property – which would be an unreasonable search and constitutional violation as a matter of law – and is not entitled to qualified

4

immunity.  *See Katz*, 389 U.S. at 357.

Defendant White similarly and briefly argues that "it is clear from the complaint that White had no involvement in the incident and any individual capacity claims against him should be dismissed."  Defs.' Mot. at 3.  Contrary to White's contention, however, it is not clear from the complaint that White was not personally involved.  The complaint states that either White "or his agents were in uniform, acting in capacity of county police/sheriff's deputies" when one of them accompanied Perea to Williams' property and conducted a warrantless search.  If White is not the specific officer who accompanied Perea, the Court would be obligated to allow Williams to conduct discovery to determine the name of the participating officer and to amend the complaint accordingly. *See Johnson v. Johnson*, 466 F.3d 1213, 1215 (10 Cir. 2006) (reversing and remanding because the pro se plaintiff "should be given an appropriate opportunity to amend his complaint to name the proper defendants").  Williams would also be entitled to discover whether White, as supervisor, "personally directed the violation or had actual knowledge of the violation and acquiesced in its continuance."  *Jenkins*, 81 F.3d at 995.  Further, a plaintiff alleging a constitutional violation by an official acting in his official capacity may either name the specific officer or the city or county who employs that officer.  "[A]n official capacity suit is 'only another way of pleading an action against an entity of which an officer is an agent.  As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity, and not as a suit against the official personally, for the real party in interest is the entity."  *Johnson v. Board of County Com'rs*, 85 F.3d 489, 493 (10th Cir. 1996) (internal quotation marks and citations omitted).

Because Williams' complaint alleges that the individual defendants acted under color of state law and personally caused or contributed to an alleged constitutional violation and nothing warrants

5

a finding of qualified immunity; and because Williams has alleged that the acts were committed by county governmental officials acting as agents for the county, the Defendants have failed to establish a right to dismissal of the complaint.

**IT IS ORDERED THAT** Defendants' Motion to Dismiss [Doc. 14] is DENIED.

_____
UNITED STATES DISTRICT JUDGE