IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JOE RAY WILLIAMS,**

    Plaintiff,

vs.                                                    No. Civ 06cv1242 JH/WPS

**COUNTY OF BERNALILLO,**
**SHERIFF DARREN WHITE, and**
**TOBIAS M. PEREA**,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING SUMMARY JUDGMENT**

THIS MATTER comes before the Court on the Defendants' Motion for Summary Judgment, filed April 18, 2008 (Doc. 27) and on pro-se Plaintiff Joe Ray Williams' Motion for Summary Judgment Extension of Motion to Set Aside County's Motion for Summary Judgment, filed September 3, 2008 (Doc. 44). The Court construes Williams' motion as a response to the Defendants' motion for summary judgment.

**1. Applicable legal standards.**

Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the moving party makes a proper summary-judgment challenge, the "opposing party may not rely merely on allegations or denials in its own pleading; rather its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment

should, if appropriate, be entered against that party." FED. R. CIV. P. 56(e)(2); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "Unsubstantiated allegations carry no probative weight in summary judgment proceedings. To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise." *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004) (citation omitted). In ruling on a motion for summary judgment, a Court does not weigh the evidence or make credibility determinations, *see Anderson*, 477 U.S. at 249, but determines "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law," *id.* at 251-52. And in making this determination, the Court must construe all the facts in the record, as well as the reasonable inferences that can be drawn from those facts, in a light most favorable to the non-moving party. *See Worrell v. Henry*, 219 F.3d 1197, 1204 (10th Cir. 2000).

**2. Undisputed material facts.**

Williams filed suit under 42 U.S.C. § 1983 for violation of his Fourth-Amendment right to be free from warrantless searches and seizures and for criminal trespass. *See* Compl. (Doc. 1). Williams' complaint states that Defendant Perea and either the sheriff or one of his deputies came on to Williams' private property and, without a warrant and without probable cause, "forcibl[y] enter[ed] into my primary residence and not less than four other locked buildings situated on said primary residence property, causing substantial damage to said buildings." *Id.* at 2. He alleged that they conducted unlawful "exploratory searches" resulting in "an automatic violation of my fourth,

2

fifth, sixth and fourteenth amendment rights." *Id.* Williams referred to affidavits in an incident report prepared the same day he discovered that his home and buildings had been broken into.[1] The face of the incident report lists Williams, Defendant Perea, and Monroe Flanagan, who is Williams' neighbor, as "SUBJECTS (VICTIMS/SUSPECTS/PERSONS . . .)" Doc. 23, Ex. 1 at 1. Although his penmanship is difficult to decipher, Williams swore that he called the sheriff's office just after he "arrived home at 11405 Central;" that he "found well house door broken into; went to my residence; two 14X60 mobiles; both doors had been broken into; padlocks cut on one door knob and lock smashed by heavy instrument on other; the office trailer had its padlock cut and fence gate torn off on ground;" that another building had its "handle or lock torn off; a small ___ where a movie (the kitchen) was a film site had its door torn off and Monroe Flanagan . . . had his lock cut on his trailer." *Id.* at 2. He swore that he went to the county zoning office (where Perea is employed) that afternoon and that "they said they had been to my property; they said nothing about entering every building . . ." *Id.* Mr. Flanagan's affidavit states that, while he "was on the property a sheriff deputy car along with at least one other vehicle was on the property; the locks were cut with a bolt cutter on my personal trailer home. . . . Breaking and entering is criminal. Even if it is the sheriff's dep't." *Id.* at 3. Flanagan is not a plaintiff in this case.

The Defendants filed their motion for summary judgment, supported with both documentary evidence and an affidavit from Defendant Perea. Williams has not denied or rebutted any of the material facts set out in the Defendants' motion for summary judgment, and his motion/response

---

[1] Williams apparently inadvertently failed to file the incident report and affidavits with his complaint, but he attached them to the complaint served on the Defendants, who also referred to the affidavits in their motion to dismiss, which the Court denied. *See* Doc.24. The Court asked the Defendants to electronically file a copy of the affidavit as an exhibit to their motion to dismiss and it is now part of the record as Ex. 1 to Doc. 23.

contains statements that support the veracity of the Defendants' contentions. The Court therefore accepts as true the following relevant facts. Williams was a defendant in a state-court suit in which he was ordered to bring his property into compliance with certain requirements, including removing unoperable vehicles, recreational vehicles, and mobile homes from his property within a certain time period and complying with relevant building codes to make safe the buildings on his property. *See* Doc. 37, Ex. A. The state court entered an order on October 5, 2005 specifically requiring Bernalillo County zoning, building, and planning officials to enter and inspect the buildings on Williams' property in order to make safety assessments. *See id.* The County gave Williams several months to comply with the Court's October 2005 Order. On September 6, 2006, when Williams did not show up at an agreed-upon time to admit county inspection officials into his property and buildings for inspection, a county official, accompanied by a Bernalillo County sheriff's officer, cut the locks on the property gates and buildings, entered and inspected them for unsafe conditions. *See id.* Ex. B. By subsequent court order, the buildings were demolished and the vehicles were removed. *See* Doc. 44 at 2-3.

**3. The Defendants are entitled to absolute immunity.**

The Defendants contend that they and their employees are entitled to absolute quasi-judicial immunity against suit because they were enforcing a court order that specifically required them to enter and inspect Williams' property. The Court agrees. The Tenth Circuit has held that "an official charged with the duty of executing a facially valid court order enjoys absolute immunity from liability for damages in a suit challenging conduct prescribed by that order." *Valdez v. City & County of Denver*, 878 F.2d 1285, 1286 (10th Cir. 1989). Williams does not contend that the state-court order was not facially valid, *see id.*, or that it was issued by a court that did not have jurisdiction, or that the Bernalillo county officials were acting outside the scope of their jurisdiction,

4

*see Turney v. O'Toole*, 898 F.2d 1470, 1474 (10th Cir. 1990) (stating that, "[b]ecause quasi-judicial immunity derives from judicial immunity, the order must be one for which the issuing judge is immune from liability. Therefore, a state official is not absolutely immune from damages arising from the execution of an order issued by a judge acting in the clear absence of all jurisdiction. Also, quasi-judicial immunity will not attach to state officials acting outside the scope of their jurisdiction.") (internal quotation marks and citation omitted). Further, because it is undisputed that the county officials and officers entered Williams' property for the purposes of enforcing the court order requiring an inspection and assessment and "not for the purpose of conducting a search," he can not state a claim for a Fourth-Amendment warrantless-search violation. *See Monroe v. Pueblo Police Dep't*, 30 Fed. Appx. 778, 780, 2002 WL 126997 at \*\*2 (10th Cir. Feb. 1, 2002) (unpublished). The Court concludes that the Defendants are entitled to absolute quasi-judicial immunity on Williams' claims for violation of his Fourth Amendment right against unreasonable or warrantless searches and for trespass.

**4. The Court will dismiss the complaint.**

In his motion/response, Williams alludes to a new claim that, at some unspecified time, Defendant Perea exceeded the scope of the state-court order by unlawfully removing from his property operable vehicles, including the car he was driving, several other functional vehicles, and an operable piece of heavy equipment. *See* Doc. 44 at 4. But this new claim is not part of his original complaint, he has not asked to amend his Complaint, and the Court will not *sua sponte* suggest that he amend his complaint to add new claims after the Defendants have established entitlement to summary judgment on all of the claims brought in his original complaint. *See Szymanski v. Benton*, No. 07-8082, 2008 WL 3524007 \*3, \*5 (10th Cir. Aug. 14, 2008) (affirming summary judgment on § 1983 claims against prison officials, rejecting arguments based on facts not

contained in the pro se plaintiff's complaint, noting that the plaintiff had not sought leave to amend the complaint before summary judgment was granted, and stating that "the district court was not required to solicit another amended complaint"). In *Pallottino v. City of Rio Rancho*, 31 F.3d 1023 (10th Cir. 1994), the Tenth Circuit made the following observation about the situation in which a plaintiff tries to add new facts and new theories after a motion for summary judgment has been filed.

> A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim. Liberality in amendment is important to assure a party a fair opportunity to present his claims and defenses, but "equal attention should be given to the proposition that there must be an end finally to a particular litigation." [Citation omitted.] . . . Much of the value of summary judgment procedure in the cases for which it is appropriate . . . would be dissipated if a party were free to rely on one theory in an attempt to defeat a motion for summary judgment and then, should that theory prove unsound, come back along thereafter and fight on the basis of some other theory.

*Id.* at 1027. The Court will not consider the new facts and theories addressed in Williams' motion/response. And even if Williams had requested amendment, the Court would not grant the request at this stage in the proceedings.

> Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint "a moving target," *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998), to "salvage a lost case by untimely suggestion of new theories of recovery," *Hayes v. Whitman*, 264 F.3d 1017, 1027 (10th Cir. 2001), to present "theories seriatim" in an effort to avoid dismissal, *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994), or to "knowingly delay[ ] raising [an] issue until the 'eve of trial,' " *Walters v. Monarch Life Ins. Co.*, 57 F.3d 899, 903 (10th Cir. 1995).

*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006); *see Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (setting out factors a court should consider in deciding whether to allow amendment of a complaint and stating that "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to

denial") (internal quotation marks omitted).

The "most important[] factor in deciding a motion to amend the pleadings[] is whether the amendment would prejudice the nonmoving party. Rule 15 . . . was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result." *Minter*, 451 F.3d at 1207 (internal quotation marks omitted). "Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment. Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.* at 1208 (internal quotation marks and citation omitted). Where, as here, a plaintiff sues government officials for violation of his constitutional rights, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her" and so that the court may "perform its function of determining, at an early stage in the litigation" whether those officials are entitled to immunity through resolving either a motion to dismiss or a motion for summary judgment. *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008). It is impossible to make that early determination, and unfairly prejudicial to the defendants, when a plaintiff is allowed to allege new facts and new theories in response to a motion for summary judgment that were not alleged in the complaint.

The Court finds that: raising these new allegations and theories of liability in his motion/response to the Defendants' motion for summary judgment on the basis of absolute or qualified immunity is untimely; Williams knew all of the information necessary to plead the facts and new causes of action at the time the original complaint was filed in December 2006; Williams has not requested amendment nor offered an explanation for his extreme delay in raising these new

facts; and allowing an amendment to his complaint to assert completely new claims would be unfairly prejudicial to the Defendants after they have already established entitlement to judgment and dismissal of the original complaint.  Further, any claim that county officials exceeded the scope of the state-court's order is better brought in the court that issued the order.

**IT IS ORDERED THAT** the Defendants' motion for summary judgment (Doc. 27) is GRANTED and the complaint is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE